**SO ORDERED.**

**SIGNED this 09 day of September, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| In the Matter of:<br>TANGLEWOOD FARMS, INC. OF ELIZABETH CITY<br>    Debtor | Case No.:<br>10-06719-8-JRL<br>Chapter 11 |
| In the Matter of:<br>JAMES H. WINSLOW<br>BILLIE R. WINSLOW<br>    Debtors | Case No.:<br>10-06745-8-JRL<br>Chapter 11 |

**CONSENT ORDER APPROVING BIDDING PROCEDURES**

THIS CAUSE was scheduled for hearing before the Court upon the Motion filed on September 1, 2010 by Tanglewood Farms, Inc. of Elizabeth City (hereafter "Tanglewood"), and James H. Winslow and Billie R. Winslow (hereafter the "Winslows") (collectively, the "Debtors") for an Order Approving Bidding Procedures. It appears that Perdue AgriBusiness Incorporated (hereafter "Perdue") filed a Response to Motion to Approve Bidding Procedures on September 8, 2010. It also appears to the Court that the terms and conditions set forth below are reasonable and appropriate and are in the best interests of the bankruptcy estate and all creditors, and should be approved. It further appears to the Court that the notice of the Motion that the Debtors provided to creditors and parties in interest is adequate and proper for purposes of this Order.

1

THEREFORE, based upon the consent, stipulation, and agreement of Perdue, Meherrin Agricultural & Chemical Company (hereafter "Meherrin"), and the Debtors, the Court makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

1. Tanglewood filed its Petition pursuant to Chapter 11 of the United States Bankruptcy Code on August 20, 2010, and the Winslows filed their Petition on August 23, 2010. The Debtors currently operate as debtors-in-possession.

2. Tanglewood is a North Carolina corporation engaged in the granary business. The Winslows are residents of Pasquotank County, North Carolina and are engaged in the farming business.

3. On August 25, 2010, the Debtors filed a motion to approve the sale of certain real and personal property comprising the Debtors' granary facility to Meherrin Agricultural & Chemical Company, pursuant to an Asset Purchase Agreement proposed by Meherrin, for a purchase price of $4,000,000.00. A description of the real and personal property comprising the granary facility that was proposed to be sold to Meherrin was described in the motion and attached Asset Purchase Agreement (the real and personal property to be sold, as described in such motion, is hereinafter referred to collectively as the "Granary Facility"). The Court has currently scheduled a hearing on the sale of the Granary Facility to Meherrin on September 15, 2010, at 2:00 p.m. in Raleigh, North Carolina, should any objections to this sale be filed.

4. Since that time, the Debtor has become aware of other interested purchasers for the granary facility who have indicated an interest in purchasing the granary facility for a price higher than that offered by Meherrin, including certain offers announced to the Court on August 30, 2010, during hearings on certain emergency motions filed by the Debtor.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.     The Debtors shall allow for other potential purchasers who wish to submit an offer to purchase the Granary Facility at a price higher than that offered by Meherrin, to make such offers to purchase the Granary Facility, according to the following bidding procedures:

  a.     <u>Qualifying Overbids</u>.  Such other potential purchasers may submit written offers to the Debtors for the purchase of the Granary Facility at any time prior to 10:00 a.m. on September 15, 2010, via facsimile, mail, or electronic mail, addressed to counsel for the Debtors (a "Qualifying Overbid"). Such Qualified Overbids must conform to the following procedures:

    i.     Contain terms and conditions no less favorable to the Debtors than the terms and conditions of the Asset Purchase Agreement;

    ii.     be accompanied by (a) financial statements or admissible evidence in the form of affidavits or declarations establishing that the potential purchaser is ready, willing, authorized, capable, and qualified, financially, legally, and otherwise, of consummating a purchase of the Granary Facility unconditionally performing all obligations under the Asset Purchase Agreement (or its equivalent) in the event that it submits the prevailing overbid at the Sale Hearing, and (b) evidence that it is duly authorized and entitled to engage in the transaction contemplated by the Initial Overbid without the consent of any entity that has not been obtained;

    iii.     include a commitment to close and consummate the sale promptly following the entry of any order approving such sale, but in no event later than the closing date established by the Asset Purchase Agreement, unless such potential purchaser proposes to enter into a true lease with the Debtors according to lease

3

terms that, in the sole discretion of the Debtors, provide a market rate of rent during such period of time between the closing date in the Asset Purchase Agreement and the closing date proposed by the potential purchaser, and such rent is not a credit against the purchase price;

    iv.    contain a minimum proposed cash purchase price of $4,050,000.00 with no financing or credit bid component;

    v.    contain a statement that such potential purchaser has consented to the core jurisdiction of the Bankruptcy Court and has waived any right to jury trial in connection with any disputes relating to the Auction; and

    vi.    all Qualifying Overbids shall be "firm offers" and shall not contain any contingencies to the validity, effectiveness, and/or binding nature of the offer, including, without limitation, contingencies for financing, due diligence or inspection except for the conditions to closing provided for in the Asset Purchase Agreement.

    b.    <u>Due Diligence</u>.  Meherrin and such other potential purchasers shall be entitled to conduct any due diligence of the Granary Facility at any time prior to the Auction, and the Debtors shall cooperative with all reasonable requests for information and access prior to that time.

    c.    <u>Auction</u>.  At 11:00 a.m. on September 15, 2010, the Debtors shall conduct a sale of the Granary Facility via a live auction which shall take place outside of the third floor courtroom at the United States Bankruptcy Court, in Raleigh, North Carolina, or at such other location within the courthouse as the parties direct on that date (the "Auction"). The opening bid for the Auction shall be the highest Qualified Overbid

received by counsel for the Debtors prior to the deadline established above, or if no such Qualified Overbid is received, the purchase price offered by Meherrin. Subsequent higher bids will then be accepted, with all higher bids being made in increments of $50,000.00. The sale/auction shall be free and clear of liens, with all liens transferred to the net sale proceeds in their respective order of priority. The Court shall enter a separate order on the Debtor's free and clear motion.

      d.      <u>Prevailing Bidder</u>.  Upon conclusion of the Auction, the Debtors shall designate the highest or otherwise best bidder as the prevailing bidder (the "Prevailing Bidder") and such Prevailing Bidder and price shall be approved at the Final Hearing. Any objection to Debtors' designation of the Prevailing Bidder shall be raised at the Final Hearing and decided by the Bankruptcy Court.

      e.      <u>Back-up Bidder</u>.  Upon the conclusion of the Auction, Debtor shall designate the next highest or otherwise best bidder after the Prevailing Bidder to serve as the "Back-up Bidder." ").  If the Prevailing Bidder fails to close within two (2) business days of its closing date, the Back-up Bidder shall have the opportunity to close at its last highest bid price within thirty (30) days, and so forth until a party closes on Granary Facility. <u>Time is of the essence as to this provision</u>.

      f.      <u>Pre-Qualification of Bidders</u>. The Debtors shall be entitled to pre-qualify any potential purchaser who wishes to bid at the Auction who has not submitted a prior Qualifying Overbid, including obtaining such financial information as required above for a Qualifying Overbid, and shall in its sole discretion be permitted to disqualify any potential purchaser from bidding at the Auction who has not satisfied such financial qualifications. The Debtors shall have no obligation to allow any party to participate in

5

the Auction if such party has not submitted a prior confirming Qualifying Overbid. Because Meherrin already has submitted the Asset Purchase Agreement, Meherrin shall be entitled to participate in the Auction without the necessity of submitting a Qualifying Overbid.

    g.    <u>Lease Option</u>.  The Debtors shall be authorized to enter into an immediate true lease with the High Bidder without further notice or approval of the Court, upon market terms, for the Granary Facility commencing on the next business day following the Auction and continuing to the date of closing.

    h.    <u>Deposit</u>. Promptly following the sale, but not later than forty-eight hours after the Final Hearing, the High Bidder shall provide to Debtors' counsel in the form of a wire transfer or cashier's check payable to Debtor's Counsel, a deposit in the amount of $50,000.00, to be held in a non-interest bearing trust account by Debtor's counsel pending completion of the Auction. In the event the Debtors and the High Bidder have agreed to a lease of the Granary Facility prior to the closing date, the High Bidder may tender the first month's rental payment in lieu of a deposit. In the event the High Bidder fails to close, the deposit or monthly rental payment, shall be non-refundable.

    i.    <u>Final Hearing</u>**.**  The final hearing to approve the high bidder for the Granary Facility shall be held before the Bankruptcy Court on September 15, 2010, at 2:00 p.m. in the United States Bankruptcy Court, Raleigh, North Carolina.

CONSENTED TO BY:

                <u>s/Laurie B. Biggs</u>
                LAURIE B. BIGGS
                N.C. State Bar No.: 31845
                STUBBS & PERDUE, P.A.

9208 Falls of Neuse Road, Suite 111
Raleigh, North Carolina 27615-2438
(919) 870-6258
(919) 870-6259 Facsimile
Attorney for Debtors

s/Gregory B. Crampton
GREGORY B. CRAMPTON
N.C. State Bar No.: 991
NICHOLLS & CRAMPTON, P.A.
Post Office Box 18237
Raleigh, North Carolina 27619
(919) 781-1311
Attorney for Perdue AgriBusiness Incorporated

s/J. Michael Fields
J. MICHAEL FIELDS
N.C. State Bar No.: 018170
WARD AND SMITH, P.A.
Post Office Box 8088
Greenville, North Carolina 27835-8088
(252) 215-4000
(252) 215-4077 Facsimile
Attorney for Meherrin Agricultural & Chemical Company

"End of Document"