**SO ORDERED.**

**SIGNED this 03 day of February, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| TANGLEWOOD FARMS, INC. OF ELIZABETH CITY, | 10-06719-8-JRL |
| DEBTOR. | Chapter 11 |
| IN RE: | CASE NO. |
| JAMES HOWARD WINSLOW and BILLIE REID WINSLOW, | 10-06745-8-JRL |
| DEBTORS. | Chapter 11 |

**ORDER**

This matter came before the court on the debtors' application to employ and compensate Country Boy's Auction & Realty, Inc. as auctioneer. A hearing was held on January 25, 2011 in Raleigh, North Carolina.

The court employed Douglas M. Gurkins as chief restructuring officer ("CRO") of James and Billie Winslow's chapter 11 case on August 30, 2010. Mr. Gurkins is experienced in the field of farm management and is familiar with the rules and responsibilities required of professionals appointed in bankruptcy cases based on past appointments as an auctioneer and chief restructuring officer. Mr. Gurkins was formerly a shareholder of Country Boys Auction & Realty ("Country Boys") and transferred his ownership interest five years ago. His son, Michael

Gurkins, holds an ownership interest and manages the company on a day-to-day basis. The debtors moved to employ Country Boys as auctioneer in a public sale of certain assets of both the Winslows' and Tanglewood Farms' estates.

The Bankruptcy Administrator objected to the application because of the potential conflict of interest between Doug Gurkins as CRO and his relationship to Country Boys. The court order employing Doug Gurkins as CRO states that the CRO has all of the rights and powers of the debtor in possession pursuant to 11 U.S.C. § 1107(a). The Bankruptcy Administrator argues that the CRO stands in the shoes of the debtor in possession, who has the rights and powers of a trustee pursuant to §1107(a), who, in turn, cannot employ a professional who is an insider of the debtor. See §327(a) (requiring that employed professionals be disinterested and not hold interests adverse to the debtor). According to the Bankruptcy Administrator's argument, Michael Gurkins, as a relative of Doug Gurkins, who is given the powers of a debtor in possession, should be considered an insider of the debtor, and thus ineligible to be employed as an auctioneer for the debtor.

Before assessing Country Boys' insider status, the court finds that Doug Gurkins is not in control of Country Boys. Doug Gurkins has disassociated himself from Country Boys through the sale of his ownership interest five years ago. He is not involved in the day-to-day operations of the company, nor does he profit from its success. In terms of conflict of interest analysis, the only connection Country Boys has to this case is that it is owned by the CRO's son.

The Bankruptcy Code is clear on when conflicts of interest arise. Section 327(a) allows for the employment of professionals that are disinterested persons. A "disinterested person" is defined as, among other things, a person or entity who is not an insider. § 101(14)(A). At issue is whether Country Boys is an insider of the debtors. An insider is defined in terms of that

entity's relationship with the debtor.  See § 101(31).  Where the debtor is an individual, an insider is defined as a relative of the debtor, partnership in which the debtor is a general partner, general partner of the debtor or corporation of which the debtor is a director, officer, or person in control.  §101(31)(A).  Country Boys does not fit any of these descriptions with respect to the Winslows, so no conflict of interest arises in employing Country Boys as auctioneer in their case.  For corporate debtors—here Tanglewood Farms—the Code states that an insider is a director or officer of the debtor, person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or "relative of a . . . person in control of the debtor."  §101(31)(B).  The latter category is the closest connection Country Boys and Michael Gurkins could have to Tanglewood Farms; however, Doug Gurkins is not a person in control of Tanglewood Farms.  He was appointed CRO in the Winslows' case and denied the appointment in Tanglewood Farms.  Therefore Country Boys is not an insider of Tanglewood Farms.[1]

While the employment of auctioneers must conform to the requirements of § 327, the court notes that the section aims to eliminate self-dealing in the administration of bankruptcy cases.  Again, Country Boys is a disinterested entity, but of further assurance to the court is the fact that auctioneers have little ability to self-deal.  Their compensation is set by the court pursuant to its Local Rules of Practice and Procedure.  See E.D.N.C. LBR 6005-1.

Based on the foregoing, the application is APPROVED and the compensation as

---

[1] In light of the pending motion for substantive consolidation, Doug Gurkins stands to be a "person in control of" Tanglewood Farms if the motion is granted.  If Doug Gurkins were to become CRO of Tanglewood Farms, the court still does not find that Country Boys is an insider of Tanglewood Farms.  At issue is whether the *corporation* owned by Doug Gurkins' son would be considered a "relative" of a person in control of the debtor.  The Code defines "relative" as an "individual related by affinity or consanguinity within the third degree . . . ." §101(45).  It does not include corporations owned by relatives.  Therefore, Country Boys would not be an insider of Tanglewood Farms.

proposed therein is APPROVED.

**END OF DOCUMENT**